UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS ACOSTS, *et al.*, | ) |
|                 Plaintiffs, | ) No. 22 CV 1458 |
| v. | ) Magistrate Judge Young B. Kim |
| BOARD OF TRUSTEES OF UNITE HERE HEALTH, | ) |
|                 Defendant. | ) August 5, 2024 |

## ORDER

Plaintiffs, former and/or current participants of health insurance plans the Board of Trustees of Unite Here Health (the "Board") administers for the benefit of various union members ("UHH Fund"), are suing the Board for breaching their fiduciary duty and loyalty. Plaintiffs say that the Board incurred excessive administrative costs for administering certain insurance plans. Before the court is the Board's motion to compel discovery from Plaintiffs. For the following reasons, the motion is granted in part as to Requests to Produce Documents ("RPD") Nos. 39 and 43 and denied in part as to Plaintiffs' ESI search protocol and RPD Nos. 10, 15-19, and 53:

**Procedural History**

The court authorized the parties to begin discovery on April 18, 2023. (R. 33.) The current motion shows that the parties engaged in written discovery and as part of that discovery, Plaintiffs served their supplemental responses to Defendant's first set of RPDs—consisting of 98 requests—on September 29, 2023. (R. 63-3, Def.'s

Mot., Ex. 3.) In light of Exhibit 3 attached to its motion, the court presumes that Defendant served an identical set of RPDs on each Plaintiff and that each Plaintiff responded separately to the RPDs on September 29, 2023. (Id.) The parties then conferred further about Defendant's perceived deficiencies with Plaintiffs' RPD responses. (R. 63-4, Def.'s Mot., Ex. 4.) On January 12, 2024, Defendant filed its motion to compel seeking certain relief. (R. 63, Def.'s Mot.) Plaintiffs then filed their opposition to the motion, (R. 66), and Defendant filed its reply thereto, (R. 67). A referral order directing this court to supervise discovery in this case was then entered on June 20, 2024. (R. 97.)

## Analysis

In its motion, Defendant argues that Plaintiffs' responses to its RPDs are woefully inadequate but focuses its attention on the following concerns: (1) Plaintiffs' refusal to disclose their ESI search protocol; and (2) Plaintiffs' failure to search for and produce responsive documents to RPD Nos. 10, 15-19, 39, 43, and 53.[1]

**A.  Search Protocol**

The motion is denied as to Defendant's demand for Plaintiffs' search protocol. This court is in favor of litigants conferring on ESI protocol (e.g., date ranges, identification of custodians, search terms) prior to searching for ESI responsive to written discovery requests and having the ESI protocol entered as an agreed order.

---

[1] Defendant also raises the issue of Plaintiffs' refusal to search for and produce documents from before March 21, 2016. However, considering the rulings in this order, a separate analysis is not warranted.

But this court's preference is neither here nor there because litigants are not obligated to share information on how they go about searching for responsive documents if that is their preference. Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The protocol Plaintiffs used to search for responsive documents is not relevant to the claims and defenses in this case. Besides, given the obligations the parties and their attorneys have under Rules 26(g), 26(e), and 34(b)(2), Plaintiffs are subject to sanctions if they neglect to exercise reasonable efforts to search for and produce all responsive documents. In fact, Plaintiffs are barred from offering any document that should have been produced in response to Defendant's RPDs.

**B.     RPDs**

| No. | Ruling |
|---|---|
| 10 | The motion is denied. Plaintiffs' relevance objection is sustained. First, this lawsuit is being prosecuted by Plaintiffs and Local 11 is not part of the lawsuit. Second, even if some Plaintiffs may have been part of Local 11's leadership in the past or present, they are suing Defendant in their individual capacity as former or current participants in a medical insurance plan. As such, Defendant is asking for the documents of the wrong party. If Defendant wishes to collect documents that may help Plaintiffs make their case, it can ask for them from Local 11. Having denied the motion, Plaintiffs may not offer any documents responsive to this RPD as evidence in this case unless Defendant identifies them as trial exhibits. |
| 15 | The motion is denied. Plaintiffs' relevance and proportionality objections are sustained. The court agrees with Plaintiffs that the documents Defendant seeks have nothing to do with whether Defendant incurred excessive administrative expenses. Also, the scope of this RPD—"[a]ll communications"—is too broad. The motion appears to indicate that Local 11 made the decision to move most of its union members from UHH Fund to the Santa Monica Fund. If that is the case, why ask Plaintiffs for such documents? If there are relevant |

3

| | |
|---|---|
| | communications reflecting the reasons for the move from one fund to another, those communications are with Local 11, not Plaintiffs. Defendant needs to recognize that those Plaintiffs who serve or served as Local 11's leadership may have obligations to Local 11 they may not diminish merely because they chose to pursue this case in their individual capacity. |
| 16 & 18 | The motion is denied. Plaintiffs' relevance and proportionality objections are sustained. The court agrees with Plaintiffs that the documents Defendant seeks have nothing to do with whether Defendant incurred excessive administrative expenses. Also, the scope of these RPDs—"[a]ll communications"—is too broad. Defendant also fails to persuade the court that the documents it seeks are relevant to this case. Defendant appears to explain that one of the reasons its administrative expenses are high, relative to other plans, is because of the costly features Local 11 insisted that UHH Fund continue to offer its members post-merger. (R. 63, Def.'s Mot. at 14.) The documents Defendant seeks would not support this argument. In fact, the supporting documents would be within the Board's and Local 11's possession and control given that these are communications Local 11 would have had—if they were made in writing—with the Board. |
| 17 & 19 | The motion is denied. Plaintiffs' relevance and proportionality objections are sustained. Defendant also violates Rule 34(b)(1) in that the RPDs fail to "describe with reasonable particularity" the documents it seeks. |
| 39 | The motion is granted. Plaintiffs' relevance and proportionality objections are overruled. This RPD is different in scope than RPD No. 15 in that this RPD is limited to those documents Plaintiffs themselves possess or have within their control comparing the Santa Monica Funds with UHH Fund. While these documents may not directly impact the issue of whether UHH Fund incurred excessive administrative expenses, these documents—depending on what they reflect—may include information, among other things, to challenge Plaintiffs' credibility. Accordingly, Plaintiffs are ordered to exercise reasonable efforts to search for responsive documents (including ESI) and produce the same to Defendant. If they do not have any responsive documents, Plaintiffs must respond, "None." And, if they do not produce any documents, Plaintiffs are barred from offering any responsive documents as evidence in this case. |
| 43 | The motion is granted. Plaintiffs' relevance and proportionality objections are overruled. The court finds that this RPD seeks documents that are relevant to the issue of whether Plaintiffs are adequate class representatives and include information that may be used to challenge Plaintiffs' credibility. For purposes of searching for responsive documents, there is no date restriction. To be clear, |

4

| | |
|---|---|
| | Plaintiffs must search for documents generated even before March 21, 2016. |
| 53 | The motion is denied. Plaintiffs' relevance and proportionality objections are sustained. First, this RPD is overly broad. Defendant serves the RPD asking Plaintiffs to produce communications between Local 11 and its members. The RPD is not even limited to communications between Local 11 and Plaintiffs. Second, while Defendant suspects that Local 11 is the driving force behind this class action, it still does not explain how the communications are relevant to the claims or defenses. |

## Conclusion

For the foregoing reasons, Defendant's motion to compel is granted in part as to RPD Nos. 39 and 43 and denied in part as to Plaintiffs' ESI search protocol and RPD Nos. 10, 15-19, and 53.

        **ENTER:**

        _____
        **Young B. Kim**
        **United States Magistrate Judge**