**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS ACOSTA, *et al.*,** | ) | |
| | ) | **No. 22 CV 1458** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **BOARD OF TRUSTEES OF UNITE** | ) | |
| **HERE HEALTH, *et al.*,** | ) | |
| | ) | **August 12, 2024** |
| **Defendant.** | ) | |

**MEMORADUM OPINION and ORDER**

Plaintiffs, former and/or current participants of health insurance plans the Board of Trustees of Unite Here Health (the "Board") administers for the benefit of various union members ("UHH Fund"), are suing the Board for breaching its fiduciary duty and loyalty to the members it serves. Plaintiffs claim that the Board incurred excessive administrative costs for administering certain insurance plans. Before the court is Plaintiffs' motion to de-designate certain documents marked as "confidential" and filed provisionally under seal so that they may be unsealed. For the following reasons, the motion is granted:

**Procedural History**

In July 2023 the Board moved the court to enter a confidentiality order in this case so that it could produce "confidential information to defend [itself] against Plaintiffs' claim" that its members breached their fiduciary duty and loyalty, which might include protected health information. (R. 40, Def.'s Mot. at 2-3.) At that time, the Board informed the court that there was no risk of "over-designat[ing]

information as confidential [because the] proposed Confidentiality Order envisions a process by which parties can challenge designations." (Id. at 4.) Over Plaintiffs' opposition, the court granted the motion and entered the Confidentiality Order on August 15, 2023. (R. 45.) The Confidentiality Order, (R. 40-1), allows the parties to designate documents "confidential" to limit and control the disclosure of these documents. (R. 40-1 ¶ 5.) However, this order "does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2." (Id. ¶ 7.)

In April 2024 Plaintiffs moved to certify a class. (R. 76.) In connection with that motion, Plaintiffs filed 61 attachments. (Id.) Among these attachments are documents the Board designated as "confidential." Along with the motion to certify a class, Plaintiffs moved to de-designate their attachments marked as Exhibit Nos. 62-79 and 88-91, filed provisionally under seal, so that they can be unsealed. (R. 77.) In its May 2024 response to the motion (R. 85), the Board agreed to de-designate the "confidential" designation for Exhibit Nos. 74-78, 88, and 90,[1] but insists that Exhibit Nos. 62-73, 79, 89, and 91 (collectively, "the Subject Exhibits") must remain under seal. The following month, Plaintiffs filed their reply in support of their motion and argued that the Board failed to show good cause for the Subject

---

[1] Because of this concession, Plaintiffs then refiled Exhibit Nos. 74-78, 88, and 90 as public documents. (R. 89.) The court appreciates that Plaintiffs wanted to act quickly before the Board could change its mind, but filing duplicate documents and unnecessarily crowding the docket is not favored. The clerk's office is able to unseal portions of the record when ordered without difficulty.

Exhibits to remain sealed. On June 20, 2024, the motion was referred to this court for resolution and for supervision of discovery. (R. 96; R. 97.)

## Analysis

The court agrees with Plaintiffs that the Board fails to carry its burden of showing good cause to keep the Subject Exhibits under seal because it offers only generalities and conclusory assertions of harm if the information reflected in the Subject Exhibits is made public. Although the court does not require a document-by-document, deep-dive analysis on why information reflected therein must remain confidential, here the Board did very little to connect the proverbial dots between the Subject Exhibits and its conclusion that their public disclosure would impair its operation. As the party seeking to keep the documents under seal, the Board bears the burden to show good cause to shield them from public view. *Life Spine, Inc. v. Aegis Spine, Inc.,* No. 19 CV 7092, 2022 WL 1307111, \*2 (N.D. Ill. May 2, 2022) (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018) ("Because there is a 'strong presumption toward public disclosure of court files and documents,' courts resolving such motions have placed the burden on the party seeking confidentiality to show good cause for keeping the documents from public view.")). As the Seventh Circuit instructs, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

The court appreciates that the Board did not enter this litigation voluntarily and should be allowed to carry out its operation without having to disclose publicly

what it has maintained as private information up to now. That said, once litigation starts and there is reasonable basis for the case to be maintained, the court has an obligation to ensure that its work—including the bases for orders it enters—is made public. This obligation is difficult to meet when litigants file heavily redacted submissions and exhibits in support of their filings under seal.[2] For that reason, even unwilling litigants must show good cause as to why documents must be concealed from the public. With these principles in mind, the court turns to the Subject Exhibits and addresses them below.

## A.    Meeting Minutes

These minutes are not entitled to be sealed from the public. First, the information reflected therein is stale. Exhibit Nos. 62-65, 77, and 89 appear to be minutes from various Board and Executive and Audit Committee meetings held in Chicago, Las Vegas, and Monterey, California, and Exhibit No. 79 appears to be a presentation of material used at one of the meetings. The earliest meeting took place 15 years ago in 2009 and even the most recent meeting took place more than 4 years ago in 2020. And as Plaintiffs correctly point out in their motion, which the Board does not dispute, individuals who are not part of the Board or UHH Fund attended some of these meetings. (See R. 77-1, Pls.' Mem. at 9.) For example, individuals representing Locals 1, 11, 100, 226, and 450 attended the Board meeting held on March 13, 2019, at the Mirage in Las Vegas, (R. 78-9), and the

---

[2] The court includes information from the Subject Exhibits only to the extent necessary in this opinion, even though they are still under seal and will remain so until the Board's time to file its objection to this order expires on August 26, 2024. *See* Fed. R. Civ. P. 72(a).

Board does not assert in its response that these individuals agreed to some form of confidentiality before attending the meeting.[3]

More importantly, the Board fails to show how the disclosure of these specific minutes will negatively impact its administration of the UHH Fund. The Board argues that the minutes include "detailed financial information . . . as well as strategic discussions." (R. 85 at 12 (Redacted Version).) The court has reviewed the materials to which the Board cites in its response, but it is not apparent why the availability of the particular information in these minutes on the docket can harm its operation. The issue before the court is not whether the Board's minutes as a category should be made public in this case or in future, but whether the specific minutes Plaintiffs attach to their motion for class certification must remain sealed.

The Board also argues that "[p]ublic disclosure of UHH internal meeting minutes would not only discourage candid discussion in future meetings, but would also permit UHH competitors, vendors, and employers to use confidential financial information to seek an advantage in negotiating with UHH (for vendors and employers) and competing with UHH (for competitors)." (Id.) Again, the Board does not explain the nexus between the public disclosure of information included in Exhibit Nos. 62-65, 77, 79, and 89 and harm to its operation. The court further rejects the notion that public disclosure of the minutes would "discourage candid discussion in future meetings." The members of the Board and outside

---

[3] When a document is filed under seal on the docket, access to the document is restricted to authorized court personnel. This is another reason why sealed documents pose a problem for courts when rendering decisions, especially if courts relied on those documents.

professionals who attend these meetings have ethical, professional, and fiduciary obligations to union members in the service industry and the objective of the Board is to provide them with health and other benefits. The court declines to accept that the Board would not carry out its responsibilities because minutes from a meeting many years ago are publicly available on a court docket.

**B.     Financial "Dashboards"**

These "dashboards" are not entitled to remain sealed. Exhibit Nos. 66-73 are titled "Welfare Fund Dashboards," and they include information from fiscal years 2015-16 through 2022-23. As with the meeting minutes, the Board fails to grapple with the information included in these exhibits and explain why they must remain under seal. Instead, the Board in its response merely relies on the fact that it properly designated them as "confidential." But the court is not bound by the Board's designation and is obligated to inquire whether documents must remain under seal.

The court focuses on Exhibit No. 73 because it includes the most recent information, for fiscal year 2022-23. A review of this exhibit shows that it is a 20-page exhibit, including a title page, "Welfare Fund Dashboards, Fiscal Year 22-23: 12 Months April through March." Page 2 shows a bar graph comparing UHH Fund's total assets and reserve in millions by months. Pages 3 and 4 show a list of "Total Fund Results" relating to the year's surplus and UHH Fund's performance based on the budget forecast for the fiscal year and the total amount budgeted and expended. The following page, Page 5, is a breakdown of the surplus among the 15

Plans the Board administers and Pages 5 through 20 show the breakdown of total amounts budgeted and expended for each of the 15 Plans. Like the meeting minutes, the Board fails to explain how public disclosure of these aggregate figures can harm its operation or "provide employers with leverage in negotiating rates and variances with" UHH Fund, resulting in harm to "participants." (R. 85 at 13.) The "employer leverage" argument is particularly perplexing because the Board is "made up of an equal number of employer and union representatives," (R. 85-1 at 1). At bottom, the Board fails to meet its burden to show good cause why its dashboard exhibits should remain under seal.

## C.   Robert M. Simon

Simon's deposition testimony reflected in Exhibit No. 91 is also not entitled to remain under seal. Plaintiffs deposed Simon—the Chief Underwriter for Unite Here Health and its Rule 30(b)(6) designee—in March 2024, and Exhibit 91 includes pages 1-16, 21, 44-59, 123-26, 174-76, 180, 189-92, and 201-04 from his deposition transcript. However, only pages 16, 21, 44-59, 123-26, 174-76, 180, and 189-92 reflect any substantive testimony. Notably though, the Board references only pages 46 and 47 in its response opposing Plaintiffs' motion. (R. 85 at 13 at 13.) And the Board asserts that Simon's testimony pertaining to UHH Fund's "application and modeling of reserve targets would allow UHH competitors to . . . undercut UHH or . . . mimic UHH's business model." (Id. at 13-14.) Yet again, the Board fails to explain what it means by "undercut" and why other funds' mimicking UHH Fund's

7

"business model" may prejudice union members who receive medical benefits through UHH Fund.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to de-designate the Subject Exhibits as confidential and unseal them is granted.

ENTER:

**Young B. Kim**
**United States Magistrate Judge**